**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

======================================

TOVA HARTMAN individually and
on behalf of all others similarly situated

Plaintiff,

-against-

CAPITAL MANAGEMENT SERVICES, L.P.

Defendant.

======================================

**CLASS ACTION COMPLAINT**

*Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.      Plaintiff Tova Hartman brings this action to secure redress from unlawful collection practices engaged in by Defendant Capital Management Services, L.P. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

### Parties

3.      Plaintiff is a citizen of the State of New York who resides within this District.

4.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.      Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations

10.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.      On or about September 11, 2015, Capital Management Services, L.P. sent a collection letter to the Plaintiff Tova Hartman. (see attached exhibit)

12.     The said letter was an effort to collect on a defaulted consumer debt.

13.     Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also *Rhodes v. Davis*, 628 Fed. Appx. 787, 794 (2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

14.     Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004.  When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

15.     "In New York, a breach of contract cause of action accrues at the time of the breach." *Ely-Cruikshank Co. v. Bank of Montreal,* 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

16.     Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the monthly payment. N.Y. C.P.L.R. § 5001(b).

17.     "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." *Kasperek v. City Wire Works, Inc.*, No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009)

18.     Defendant's said letter was deceptive and misleading as it simply identified the "Amount of Debt," but did not indicate that the balance may increase due to contractual or statutory prejudgment interest and/or legal fees.

19.     15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20.     The Plaintiff was left unsure whether the "Amount of Debt" was accruing contractual or statutory prejudgment interest as there was no disclosure that indicated otherwise.

21.     The Plaintiff was left unsure whether the "Amount of Debt" would accrue any type of legal fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

22.     A reasonable consumer could read the notice and be misled into believing that he or she could at any time in the future pay her debt in full by paying the amount listed on the notice.

23.     In fact, however, since contractual or statutory prejudgment interest is automatically accruing daily, and if there are undisclosed legal fees that will accrue, a consumer who pays the "Amount of Debt" stated on the notice will not know whether the debt has been paid in full.

24.     The debt collector could still seek the automatically accrued contractual or statutory prejudgment interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt or the deficiency interest debt to a third party, which itself could seek the interest and fees from the consumer.

25.     The statement of the "Amount of Debt", without notice that the amount could or is already increasing due to automatically accruing contractual or statutory prejudgment interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

26.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose[1] that the balance may increase due to interest and legal fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and failure to include such disclosures would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

27.     Pursuant to New York state law, prejudgment interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

28.     The amount of the contractual or prejudgment interest automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

---

[1] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 77 (2d Cir. 2016) ("We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date...[W]e do not hold that a debt collector must use any particular disclaimer. Using the language set forth in Miller will qualify for safe-harbor treatment, as would the language suggested in Jones, 755 F. Supp. 2d at 397 n.7, which may be preferable to the extent it advises the consumer of the specific rate of increase in the debt over time. Moreover, a debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date.")

29.     Collection notices that state only the "Amount of Debt," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

30.     To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

31.     Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

32.     Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

33.     Defendant knew that the balance would increase due to interest, fees and/or disbursements.

34.     "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC,* Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

35.     The Plaintiff and the unsophisticated consumer would be led to believe that the "Amount of Debt" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

36.     Absent a disclosure by the holder of the debt that the automatic interest is

waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  *Avila*, at *10-11.

37.   A debt-collector must disclose that interest is accruing, or in the alternative, it must disclose any such waiver.

38.   Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest.

39.   At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the automatically accruing interest.

40.   A consumer who pays the "Amount of Debt" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any prejudgment interest and legal fees that accumulated after the letters were sent but before the balance was paid.

41.   The Plaintiff alleges and avers that the Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

42.   A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

43.   On information and belief, the Defendant's collection letters, such as the said September 11, 2015 collection letter, number in the hundreds.

44.   The Plaintiff alleges and avers that Defendant's September 11, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to

collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

45.     The September 11, 2015 letter provided a settlement offer and that stated

that it was "due in our office no late than TEN (10) days from the receipt of this letter."

46.     Defendant made these statements as a way to create a sense of urgency

by the debtor and make her believe that she was under a true deadline to pay the debt.

47.     Defendant's letters harassed the Plaintiff and were false, deceptive and

misleading as these settlement time-deadlines do not exist.

48.     Statements such as a settlement offer expires on a specific date, or that

payments must be received by that date, are false and misleading because the same

offer is, upon information and belief, available at any time.

49.     Such false statements are material false, as they impart in the

unsophisticated consumer, a false belief that he or she must hurry to take advantage of

a limited time opportunity, when in reality, there is no such time limit.[2]

50.     The Seventh Circuit has established "safe harbor" language regarding

settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

51.     The Defendant failed to use the safe harbor language in the said letter.

52.     On information and belief, it is the Defendant's pattern and practice to

mail such collection letters to debtors within the State of New York.

---

[2] *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012).

53.    By reason thereof, Defendant's letter is in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

54.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

55.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

56.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

57.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

58.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

59.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

60.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading

statements trigger liability under section 1692e of the Act.

61.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

62.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### Class Allegations

63.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64.    The identities of all class members are readily ascertainable from the records of Capital Management Services, L.P. and those business and governmental entities on whose behalf it attempts to collect debts.

65.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Capital Management Services, L.P., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

66.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

67.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

68.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

69.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)        **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)        **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)        **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)      **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

70.      Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

71.      Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

72.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

73.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### First Cause of Action

74.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.    This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

   a) who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

   b) the collection letter was sent to a consumer seeking payment of a personal debt;

   c) the collection letter was not returned by the postal service as undelivered;

   d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

76.     This cause of action, brought on behalf of the Plaintiff and the members of a second class, consists of all persons whom Defendant's records reflect resided in the State of New York:

    a)  who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b)  the letters were sent to a consumer seeking payment of a personal debt;

    c)  the letters were not returned by the postal service as undelivered;

    d)  the Plaintiff asserts that the Defendant's letters violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

### *Violations of the Fair Debt Collection Practices Act*

77.     The Defendant's actions as set forth above in the within complaint violates the FDCPA.

78.     Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

79.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *Jury Demand*

80.     Plaintiff demands a trial by jury.

### *Prayer for Relief*

81.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against

Defendant for:

      1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

      2)  Attorney fees, litigation expenses and costs of suit;

      3)  An order enjoining and directing Defendant to comply with the FDCPA

         in its debt collection activities; and

      4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
  September 8, 2016


          /s/ David Palace_____
          **Law Offices of David Palace** (DP 3855)
          383 Kingston Ave. #113
          Brooklyn, New York 11213
          Telephone: 347-651-1077
          Facsimile: 347-464-0012

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-888-787-1177, Fax: 716-512-6046

Reference# Redacted

Original Creditor: DISCOVER BANK
Current Creditor: DISCOVER BANK
Description: Discover Card
Account #: XXXXXXXXXXXX4804
Amount of Debt: $1071.09
AMOUNT ENCLOSED: _____
Current Address: _____
_____
Current Phone #: _____

T58  P1******AUTO**MIXED AADC 140

Tova Hartman
2823 QUENTIN RD
BROOKLYN, NY  11229-2526

...................................................................................................................
PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

September 11, 2015

**\*\*\*\*\*\*\*\*\*\*\*\*31% SETTLEMENT OFFER\*\*\*\*\*\*\*\*\*\*\*\***

Dear Tova Hartman:

On behalf of DISCOVER BANK, Capital Management Services, LP. is willing to accept less than the full balance due as a settlement on the above mentioned account. The settlement offer shall be $332.04 due in our office no later than TEN (10) days from the receipt of this letter. We are not obligated to renew this offer.

Upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.

Our representatives are trained to offer assistance regarding this obligation. For payment arrangements or account inquiries, you may contact Capital Management Services, LP. at P.O. Box 964, Buffalo, NY 14220-0120 or call 1-888-787-1177 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-trans.com.

This settlement may have tax consequences.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Ronnie Learman at 1-866-900-9732 with any questions or concerns.