UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOVA HARTMAN,                                                                   MEMORANDUM
                        Plaintiff,                                    AND ORDER
           - against -
CAPITAL MANAGEMENT SERVICES, L.P.,                          16-CV-4997 (WFK) (JO)
                        Defendant.
------------------------------------------------------------X
JAMES ORENSTEIN, Magistrate Judge:

        Bryan C. Shartle ("Shartle") is an attorney who is admitted to practice in the State of Louisiana and who has applied to be admitted *pro hac vice* on behalf of the defendant in the instant case pursuant to Local Civil Rule 1.3(c). Docket Entry ("DE") 19. He is not admitted to practice before this court. For the reasons set forth below, I deny the motion without prejudice to renewal upon a showing that such admission is appropriate under the circumstances.

        Shartle practices law in Louisiana, where he is a member of the firm Sessions, Fishman, Nathan & Israel, L.L.C. Mr. Shartle has been admitted *pro hac vice* in at least nine cases in this district since January 2005. *See Arleo, et al. v. NCO Fin. Sys., Inc., et al.*, 04-CV-4871 (ADS); *Schonfeld v. NCO Fin. Sys., Inc.*, 06-CV-5529 (NGG) (MDG); *Spira v. Asset Acceptance, LLC*, 07-CV-4634 (SMG); *Sebrow v. NCO Fin. Sys., Inc.*, 08-CV-1725 (ARR) (JMA); *Gravina, et al. v. Nat'l Enter. Sys., Inc., et al.*, 09-CV-2942 (JFB) (GRB); *Pevsner v. FMS Inc.*, 12-CV-1017 (NG) (MDG); *Baranski, et al. v. NCO Fin. Sys., Inc.*, 13-CV-6349 (ILG) (JMA); *Rahman v. Van Ru Credit Corp.*, 13-CV-4620 (RJD) (RER); *Jenkins v. NCO Fin. Sys., Inc.*, 14-CV-4125 (SJF) (AKT). In the majority of those cases, as in the instant case, Shartle represented defendants in class actions who were accused of using false, deceptive and illegal practices to collect alleged debts from the plaintiffs, in violation of the Fair Debt Collections Practices Act ("FDCPA"). *See Schonfeld*, DE 1 (Complaint), ¶¶ 1, 6-20; *Spira*, DE 1 (Complaint), ¶¶ 1, 10–25; *Sebrow*, DE 1 (Complaint), ¶¶ 1, 7-25; *Gravina*, DE 1 (Complaint), ¶¶ 1-8; *Pevsner*, DE 1 (Complaint), ¶¶ 1, 29-39; *Rahman*, DE 1 (Complaint), ¶¶ 1, 38-47. It thus appears that Shartle

regularly engages in the practice of law in this district. Yet by routinely gaining admission *pro hac vice* rather than taking the steps necessary to join the bar of this court, Shartle remains immune to much of the disciplinary oversight to which his colleagues are subjected. *See* Loc. Civ. R. 1.5(b)-(c).

This court routinely grants attorneys who practice elsewhere the courtesy of representing clients who find themselves involved in litigation in this court. But "[a]dmission *pro hac vice* is by definition, at most, admission for a single proceeding." *In re Rappaport*, 558 F.2d 87, 88 n.1 (2d Cir. 1977). It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42 (1979), and one that should not be abused. If Shartle intends to continue representing Capital Management Services, L.P., or other clients in this court, he can and should secure the admission to our bar. If, on the other hand, Shartle can demonstrate that his many applications for admission *pro hac vice* represent an aberration in his normal practice, and that he does not anticipate making future similar applications on a routine basis, then I will of course grant him the same courtesy that is routinely afforded to out-of-state counsel in their occasional visits to this district.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2017

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge